Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3335 | **DATE** | 10/14/2003 |
| **CASE TITLE** | | Hightower vs. Barnhart | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion to dismiss the case. This case is therefore dismissed. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 15 2003 date docketed | 29 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 10/14/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | 03 OCT 14 PM 4:45 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gary Hightower,                    )
                                   )
         Plaintiff,                )
                                   )
    v.                             )  No. 02 C 3335
                                   )
Jo Anne Barnhart,                  )
Commissioner of Social Security,   )    DOCKETED
                                   )
         Defendant.                )    OCT 1 5 2003

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Hightower filed suit against the Social Security Administration ("SSA") seeking benefits allegedly owed him between 1982 and 1988 and seeking relief from garnishment of current benefits based on alleged overpayments by the SSA. The SSA now moves to dismiss for lack of subject matter jurisdiction. I grant the motion.

On a motion to dismiss for lack of subject matter jurisdiction, I accept as true plaintiff's factual allegations. *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003). Mr. Hightower, who suffers from various mental illnesses, applied for Social Security benefits in 1982. His application was denied, as was a request for reconsideration. He did not pursue an administrative appeal. In 1988, he again applied for Social Security benefits. This time, his application was granted. In March 1992, the SSA determined that he was no longer entitled to benefits because he had excess income, but Mr.

29

Hightower continued to receive benefits. Mr. Hightower states that the 1992 eligibility determination was never properly explained, but that he agreed to allow the SSA to withhold a portion of future benefits to offset alleged overpayments of about $5,000.

In 1993, Mr. Hightower was imprisoned for attempted murder. This conviction was later overturned and he was released in 2001. While Mr. Hightower was in prison, the SSA made additional overpayments to him. These payments were never received by Mr. Hightower, however. They were directly deposited into a bank account and withdrawn by Mr. Hightower's wife at the time. After his release from prison, Mr. Hightower was informed that he owed the SSA $11,037 in overpayments. Mr. Hightower requested reconsideration of this determination. He did not receive a response to this request, and again filled out and filed paperwork requesting reconsideration. Having still received no response, he filed the instant lawsuit.

42 U.S.C. § 405(g) provides that only a "final decision" of the SSA is subject to judicial review.[1] *Health Equity Res., Urbana, Inc. v. Sullivan*, 927 F.2d 963, 965 (7th Cir. 1991). The Social Security Act does not define "final decision," however, leaving the SSA to give meaning to that term through regulations. *Sims v. Apfel*, 530 U.S. 103, 107 (2000). SSA regulations indicate

---

[1] Section 405(g) applies to judicial review of SSA determinations of supplemental security income benefits, such as those at issue here. 42 U.S.C. § 1383(c)(3).

2

that a final decision with respect to the benefits at issue here is made when a four-step administrative review process has been completed. 20 C.F.R. § 416.1400(a)(5). First, an initial determination is made by the SSA. If a claimant is dissatisfied with the initial determination, he may request reconsideration. If dissatisfied with the determination on reconsideration, he may request a hearing before an administrative law judge ("ALJ"). Finally, if a claimant is dissatisfied with the decision of the ALJ, he may request review by the Appeals Council. 20 C.F.R. § 416.1400(a)(1)-(4). If the Appeals Council grants review of the claim, the Council's decision becomes the SSA's final decision. *Sims*, 530 U.S. at 106-07. If the Appeals Council denies the request for review, the ALJ's decision becomes the SSA's final decision. *Id.* If a claimant fails to request review from the Appeals Council, there is no final decision, and therefore no judicial review is available. *Id.* A fortiori, if a claimant fails even to request a hearing before an ALJ, there is no final decision for judicial review.

Here, Mr. Hightower does not allege that he requested a hearing before an ALJ regarding either the denial of his request for benefits in 1982 or calculation of the disputed overpayments. There was thus no final decision by the SSA on these issues. Mr. Hightower argues that he was not given proper notice of the 1982 determinations and did not understand the appeals process available

3

to him. This may be a legitimate argument to present to the SSA to excuse the eleven year delay should Mr. Hightower decide to request a hearing before an ALJ regarding the 1982 determination, but until he requests review before an ALJ and, if necessary, the Appeals Council, I cannot review this claim. The cases cited by Mr. Hightower in his opposition to the motion to dismiss do not support an argument that a district court can review anything other than a final decision of the SSA. In those cases, the courts were reviewing final decisions because claimants had exhausted their administrative remedies. *Atteberry v. Finch*, 424 F.2d 36, 38 (10th Cir. 1970); *Canales v. Sullivan*, 936 F.2d 755, 757 (2d Cir. 1991); *Parker v. Califano*, 644 F.2d 1199, 1200 (6th Cir. 1981); *Shrader v. Harris*, 631 F.2d 297, 299 (4th Cir. 1980); *Young v. Bowen*, 858 F.2d 951, 952-53 (4th Cir. 1988).

As there has been no final decision by the SSA with respect to either Mr. Hightower's claim for benefits between 1982 and 1988 or the disputed overpayments, I have no jurisdiction to hear these claims. Defendant's motion to dismiss is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*
Elaine E. Bucklo
United States District Judge

Dated: October 14, 2003